McIlvaine, J.
The arguments of counsel have been •directed, chiefly, to the question, whether or not, under the ■“ act for the re-organization and maintenance of common schools,” passed May 1, 1878, which provides for the separate ■education of white and colored children, colored children, in a •district where no provision has been made for the separate education of such children, can be rightfully excluded from the benefits of schools in which white children are instructed ? A majority of the court, however, are of opinion, that the solution of that question would not determine the rights of the parties to ■this action. Let it be conceded, for the purposes of this case, that Smith’s children were wrongfully excluded by the teacher, under the direction of the local board of directors. The rights of the parties would have been exactly similar, if white children *432 had been wrongfully excluded. In either case, the wrong Avould result from the fact of exclusion, and not from the motive. The stipulation for exclusion in the contract of employment, as well as the fact of exclusion from the school, must be attributed to the mistake or error in judgment of the local board of directors; and the simple question is, should the relator be deprived of his compensation for services faithfully performed under the direction of his employers, solely onthe ground that such direction was in violation of the rights of certain pupils ?
By section 53 of the act, it is provided, “ that in each township district, the local directors shall employ, or dismiss for sufficient cause, the teacher or teachers of the school or schools-in the sub-district in which they reside,” and it is only “in case the local directors of any sub-district shall fail to employ a teacher or teachers as aforesaid,” that, “ the board of education shall employ a teacher or teachers for such sub-district.” In the case before us, the local directors employed the relator, and continued him in service during the whole period of his employment, and at the end of the term certified the amount due to him for services to the township clerk, whose duty it was, upon the filing of such certificate by the teacher, together with such' reports as were required by the rules of the board, and his certificate of qualifications from the board of county examiners (all of which were done), to draw an order for the amount upon the township treasurer. This duty was required of the defendant as township clerk, and not as clerk of the township-board of education. In order to ascertain his duty in the premises, the statute prescribing the duties of township clerk was his guide, and not the resolutions or orders of the board of education.
Assuming that the stipulation, in the contract of employment, for the exclusion of Smith’s children from the school, was void, for want of poAver to make it, and supposing further, that the act of excluding these pupils was in violation of their fights, it is nevertheless true, that the relator was employed to> teach in said sub-district, and did so teach during the whole term of his employment. And it is also true, upon this *433 assumption, that the excluded pupils might have compelled their admission to the benefits of the school by writ of man-damns, or, by civil action, have recovered damages for their wrongful exclusion. Ample remedy was and is provided by the law for the redress of such a wrong. Bat the idea of such a wrong, and *uch remedy, is based on the assumption that these children were excluded from a public school to the benefits of which they were entitled; and in order to constitute the school from which they were excluded, a public school to which they were entitled to admission, it must be admitted that the relator was, in fact and in law, employed as a teacher by the local directors — for the reason, that if his employment as. a teacher of a public school was wholly illegal and void, it must follow that these children suffered no wrong in being excluded from the school by him, inasmuch.as, in such case, the school taught by him was a private school, to which they were not entitled to admission. But such view of the case cannot be maintained ; for surely, if the excluded pupils bad instituted proceedings to compel their admission to the school, as taught by the relator, neither the teacher nor local directors could have defended upon the ground that the school was not a public school organized and maintained under the provisions of said statute. Such defense would have been denied, not upon any ground of estoppel, but upon the ground that, in fact and in law, it was a public school within the purview of said act.
Judgment of the district court reversed, and peremptory writ of mandamus amarded.